UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL THOMPSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOHN VANNATTA, )<br>)<br>Respondent. ) | NO. 3:05-CV-95 PS |

## OPINION AND ORDER

In this habeas corpus proceeding, Petitioner Michael Thompson is challenging actions by the Indiana Parole Board as well as requesting back pay for the time he was wrongfully assigned to a segregation unit. The habeas Petition is dismissed because Thompson has not exhausted his state court remedies. As for his request for back pay, that is a matter more properly brought in an action under 42 U.S.C § 1983. The Petition is therefore dismissed in its entirety.

### I. BACKGROUND

To better understand the current procedural posture of this case, it is necessary for the Court to first discuss the lengthy procedural history of this matter. On August 13, 2004, the Indiana Parole Board met and decided that Petitioner Thompson, who was then an inmate at the Indiana State Prison in Plainfield, would be eligible for parole on August 16, 2005. However, in September 2004, Petitioner Thompson was charged by prison authorities with four counts of forgery. As a result of the charge, Thompson was placed in a segregation unit pending his hearing before the Conduct Adjustment Board (CAB), which is the administrative body within the state prison system that adjudicates violations of prison rules and regulations. In October 2004, the CAB found Thompson guilty of the forgery counts. As his punishment, Thompson

was docked 431 good time credit days that he had previously earned, he was demoted from credit class I to credit class III, and he was given 18 months of disciplinary segregation. Also because of the adverse finding by the CAB, the parole board met in November 2004 and rescinded its previous order of August 13, 2004 that had provided Thompson with a release date of August 16, 2005. Thompson appealed the write-ups within the Indiana Department of Corrections (IDOC). Both levels of appeal were denied, other than a modification of dates regarding his time in segregation.

On February 15, 2005, Thompson filed a petition for writ of habeas corpus in federal court with respect to the four forgery counts. Thompson also filed a petition for writ of habeas corpus in Miami County Court regarding the parole board's action rescinding its previous August 2004 decision. The state court on May 2, 2005 granted summary disposition in favor of Respondent. Petitioner did not appeal that state court decision. Then, on June 16, 2005, the Indiana Department of Corrections, by the authority of the Final Reviewing Authority, *sua sponte* vacated Thompson's guilty verdicts on the four forgery counts. A rehearing before the CAB was held on July 14, 2005, and Thompson was found not guilty on the four counts. Most of the sanctions were reversed – he was removed from segregation, he was given his earned credit time back, and he was placed back in credit class I. Also, the four counts were expunged from the offender information system.

Thompson then saw his parole board on August 16, 2005. The board reversed its November 2004 rescission because it had been based on Thompson being held responsible for creating the forged documents. But instead of reverting to its original August 2004 decision – meaning that Thompson would be eligible for immediate release – the parole board chose to start

Thompson's new commitment in August 2005 instead of August 2004 (the date originally given to Thompson during the August 2004 parole hearing).

In September 2005, Thompson sought a modification of his sentence before the state court, and that request was granted. His sentence was therefore modified and he was permitted to serve his sentence on home detention. Thompson has been on home detention since the end of October 2005.

## II. DISCUSSION

Thompson complains that he is still being burdened with two sanctions that result from the expunged forgery charges. First, Thompson wants to receive back pay in the amount he would have received had he not been placed in segregation as a result of those charges. However, a habeas corpus petition is not the avenue to bring such a claim seeking damages. Rather, the appropriate mechanism is a 42 U.S.C. § 1983 lawsuit, which provides for damages. *See Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam) ("[A] prisoner challenging the fact or duration of his confinement must seek habeas corpus relief; a prisoner challenging a condition of his confinement, by contrast, must seek relief under 42 U.S.C. § 1983 [which authorizes damages or injunctive relief]"); *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Second, Thompson alleges that his rights were violated when the parole board failed to adjust the date he was to be released back to the original August 2005 release date, despite

3

knowing that the four charges that formed the basis of the decision had been reversed and expunged from his record.  Thompson must exhaust all available state court remedies before proceeding to federal court under 28 U.S.C. § 2254(b).  However, Thompson has not filed anything in state court to challenge the decision of the parole board despite the fact that Indiana has remedies available to him.  *See, e.g., Hawkins v. Jenkins*, 374 N.E.2d 496, 498 (Ind. 1978) (reviewing issue whether parole board of state prison had authority to revoke various defendants' paroles and hold new sentences in abeyance); *Harris v. State*, 836 N.E.2d 267, 272 (Ind. Ct. App. 2005), *transfer denied* (reviewing petitioner's challenge of revocation of parole as a petition for post-conviction relief); *Parker v. State*, 822 N.E.2d 285, 285-86 (Ind. Ct. App. 2005) (reviewing petitioner's challenge of parole board's decision to reinstate balance of sentence); *State v. Jeffers*, 342 N.E.2d 681, 683 (Ind. Ct. App. 1976) ("The post-conviction rules expressly provide for review of a claim that a parole has been unlawfully revoked.").  *See also* Ind. Rule PC 1, § 1(a)(5) ("Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims [] that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint [] may institute at any time a proceeding under this Rule to secure relief.").

      Thompson is required to exhaust those state court remedies that are in place to challenge a parole board's decision.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

      Thompson claims that he did not go to state court because there is no state court remedy

4

for challenging decisions of the CAB relating to violations of prison rules and regulations. True enough. But Thompson is not really challenging the CAB's decision relating to the four counts of forgery. How could he? After all, he was found not guilty of those charges. Instead, he is challenging the parole board's decision to not reinstate his earlier parole eligibility date that had been rescinded based on the forgery allegations. Thompson does not claim that he ever appealed the parole board's August 2005 decision to the state courts even though Indiana provides a process for challenging revocations of parole. Because he has not exhausted his state court remedies, Thompson petition must be dismissed without prejudice. *See* 28 U.S.C. § 2254(b)(1)(A).

### III. CONCLUSION

The Respondent's Second Motion to Dismiss Petition as Moot is **GRANTED** [Doc. 25]. Petitioner's Petition for Summary Judgment [Doc. 20], Result of Respondent's Rehearing and Petitioner's Request for Summary Judgment [Doc. 24], and Petitioner's Response in Opposition to Respondent's Second Motion to Dismiss and Emergency Request for Summary Judgment Releasing Petitioner from Custody [Doc. 29] are **DENIED**. Petitioner's Motion to Clarify and Correct Error and for Summary Judgment [Doc. 19] and Petitioner's Emergency Request for Immediate Summary Judgment Releasing Petitioner from Unlawful Detention [Doc. 44] are also **DENIED**. Petitioner's Request to Judge Simon for an Immediate and Expedited Ruling on Petition for Writ of Habeas Corpus [Doc. 45] is **DENIED AS MOOT**. Respondent's Motion for Enlargement of Time [Doc. 13] and Motion to Dismiss Petition as Moot [Doc. 16] are **DENIED AS MOOT.** Petitioner's Petition to File Additional Exhibits as an Addendum to Petitioner's Second Emergency Motion in Opposition [Doc. 30] is **GRANTED**, and the additional exhibits attached to Petitioner's petition [Doc. 30] are ordered attached to Petitioner's Response in

Opposition to Respondent's Second Motion to Dismiss and Emergency Request for Summary Judgment Releasing Petitioner from Custody [Doc. 29] filed by Thompson on August 25, 2005. The Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice.

**SO ORDERED.**

ENTERED: January 17, 2006

                                      s/ Philip P. Simon
                                      PHILIP P. SIMON, JUDGE
                                      UNITED STATES DISTRICT COURT